UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEVALE WRIGHT,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>NEGROM, et al.,<br><br>　　　　　　Defendants. | Case No. 5:24-cv-01421-DSF-PD<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

**I.　　Pertinent Procedural History and Plaintiff's Claims**

　　On August 15, 2024, Plaintiff Devale Wright ("Plaintiff"), who is proceeding pro se, filed a First Amended Complaint ("FAC") pursuant to 42 U.S.C. § 1983 against Defendants NeGrom and Hilfer, custody specialists for the San Bernardino County Sheriff's Department ("SBCSD"), and Sanchez and Rodriguez deputies for the SBCSD, in their official capacity.  [*Id*. at 3-4.[1]] Plaintiff alleged that Defendants allowed him to be locked down in his cell at West Valley Detention Center ("WVDC") for more than 24 hours on numerous

---

[1]　The Court uses the page numbers inserted on the pleadings by the electronic docketing system.

occasions in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. [*Id.* at 3-6.] He alleged mental and emotional distress and seeks compensatory damages. [*Id.* at 6.]

On October 4, 2024, the Court screened the FAC pursuant to 28 U.S.C. § 1915A(a)-(b)(1) and found that Plaintiff had not stated an official-capacity claim against Defendants NeGrom, Hilfer, Sanchez and Rodriguez. [Dkt. No. 8.] A claim against any official in his or her official capacity is the same as a suit against the employing agency—here, San Bernardino County. *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 685, 690 n.55 (1978). The FAC did not identify any San Bernardino County policy, regulation, or custom that purportedly caused Plaintiff's injuries. [*Id.* at 4-5.] The FAC did not allege any cognizable claims against Defendants NeGrom, Hilfer, Sanchez and Rodriguez. Plaintiff was granted leave to file a Second Amended Complaint. Plaintiff was advised that if wanted to pursue any official-capacity claims in an amended pleading, he must allege specific facts showing that the County of San Bernardino had a policy, custom, or practice that violated his Eighth Amendment rights and caused his injuries. [*Id.*]

On October 25, 2024, Plaintiff filed a Second Amended Complaint ("SAC"), against Defendants NeGrom, Hilfer, Sanchez, and Rodriguez in their official capacities. [Dkt. No. 9.] Plaintiff alleged that these Defendants allowed him to be locked down in his cell at WVDC for more than 24 hours on numerous occasions in violation of the Eighth Amendment's prohibition against cruel and unusual punishment. [*Id.* at 3-6.] Plaintiff alleged that these Defendants have full knowledge of their actions "based on how tier time is operated." [*Id.* at 3-5.] He alleged mental and emotional distress and seeks compensatory damages. [*Id.* at 6.]

On November 15, 2024, the Court screened the SAC. [Dkt. No. 10.] The SAC failed to state an official-capacity claim against Defendants NeGrom,

Hilfer, Sanchez, and Rodriguez and did not identify any San Bernardino County policy, regulation, or custom that purportedly caused Plaintiff's injuries. [*Id*. at 3-5.] The SAC did not allege any facts addressing any such policy and did not state any cognizable claims against Defendants NeGrom, Hilfer, Sanchez or Rodriguez. The Court dismissed the SAC with leave to amend. Plaintiff was again advised that if wanted to pursue any official-capacity claims in an amended pleading, he must allege specific facts showing that the County of San Bernardino had a policy, custom, or practice that violated his Eighth Amendment rights and caused his injuries. The Court permitted Plaintiff to file a Third Amended Complaint curing the defects no later than December 16, 2024, and warned Plaintiff that failure to file a Third Amended Complaint could "result in the dismissal of this action with or without prejudice on the grounds above or for failure to diligently prosecute." [*Id*. at 5-6.] The deadline to file a Third Amended Complaint has passed, Plaintiff has not filed his Third Amended Complaint, and he has not communicated with the Court since October 25, 2024.

On January 30, 2025, the Court ordered Plaintiff to show cause by February 28, 2025 why the Court should not recommend that this action be dismissed for failure to prosecute. [Dkt. No. 11.] To date, Plaintiff has not responded to the Order to Show Cause or otherwise communicated with the Court about his case. Accordingly, the case is now subject to dismissal for Plaintiff's failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Local Rule 41-1.

II.   **Dismissal Based on Failure to Prosecute**

Rule 41(b) grants district courts the authority to dismiss an action on its own motion for failure to prosecute. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). In determining whether dismissal for lack of prosecution is warranted, a court must weigh several factors, including: (1) the public's

3

1  interest in expeditious resolution of litigation; (2) the court's need to manage
2  its docket; (3) the risk of prejudice to defendants; (4) the availability of less
3  drastic sanctions; and (5) the public policy favoring the disposition of cases on
4  their merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002); *Ferdik
5  v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992).  Dismissal is appropriate
6  under the foregoing analysis "where at least four factors support dismissal . . .
7  or where at least three factors 'strongly' support dismissal."  *Hernandez v.
8  City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (citations omitted).

   Here, the first two factors—public interest in expeditious resolution of litigation and the need to manage the Court's docket—weigh in favor of dismissal.  Plaintiff has not filed his Third Amended Complaint.  Plaintiff's failure to file a Third Amended Complaint or show good cause for his delay prevents the Court from moving this case toward disposition and shows that Plaintiff does not intend to litigate this action diligently.

   Arguably, the third factor—prejudice to Defendants—does not counsel in favor of dismissal because no viable pleading exists, and thus Defendants might be unaware that a case has been filed.  However, the Ninth Circuit has held that prejudice may be presumed from unreasonable delay.  *See In re Eisen*, 31 F.3d 1447, 1452–53 (9th Cir. 1994); *Moore v. Teflon Commc'ns Corp.*, 589 F.2d 959, 967–68 (9th Cir. 1978).  Plaintiff's inaction in this matter is an unreasonable delay.  In the absence of any explanation, non-frivolous or otherwise, for Plaintiff's delay, the Court presumes prejudice.  *See Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (presumption of prejudice can be rebutted by a non-frivolous explanation); *Pagtalunan*, 291 F.3d at 642 (citing *Yourish v. Cal. Amplifier*, 191 F.3d 983, 991 (9th Cir. 1999)).

   The fourth factor—the availability of less drastic sanctions—ordinarily counsels against dismissal.  However, the Court attempted to avoid outright

4

dismissal by giving Plaintiff ample time to communicate with the Court and file a Third Amended Complaint. Plaintiff was expressly warned that failure to comply with the Court's orders could result in dismissal. [Dkt. Nos. 10, 11.] Thus, the Court explored the only meaningful alternatives to dismissal in its arsenal and found that they were not effective. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives.") (citation omitted).

The fifth factor—the general policy favoring resolution on the merits—ordinarily weighs against dismissal. *Pagtalunan*, 291 F.3d at 643. It is, however, the responsibility of the moving party to move the case toward disposition on the merits at a reasonable pace and to refrain from dilatory and evasive tactics. *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Because Plaintiff has failed to participate in his own lawsuit, it does not appear that retention of this case would increase the likelihood of the matter being resolved on its merits. This factor does not weigh in favor of or against dismissal.

In sum, four of the five factors support dismissal. The Court concludes that dismissal for failure to prosecute is warranted.

## III. ORDER

For the foregoing reasons, this action is dismissed without prejudice for failure to prosecute.

Dated: April 30, 2025

_____
HONORABLE DALE S. FISCHER
UNITED STATES DISTRICT JUDGE

5